PER CURIAM.
James McFarlane petitions this court for a writ of prohibition to prohibit the circuit court, in its appellate capacity, from continuing to exercise jurisdiction in his case, or in the alternative to relinquish jurisdiction so the county court may rule on petitioner’s pending motion for speedy trial discharge.
McFarlane was charged with one count of driving under the influence and one count of reckless driving. He was arrested on June 17, 2006. On September 20, 2006, one hundred days later, McFarlane filed a notice of speedy trial expiration in the county court. Florida Rule of Criminal Procedure 3.191(p)(3) states:
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Per rule 3.191(p)(3), a hearing on the notice was held on September 25, 2006. At that point, the state had ten days in which to bring McFarlane to trial. On the *817 tenth day, October 5, 2006, McFarlane moved for dismissal of the charges in the county court, alleging that the prosecution lost a videotape taken of McFarlane after his arrest. McFarlane alleged that the absence of the videotape precluded him from rebutting the alleged indicators of impairment recited in the probable cause affidavit. The trial court conducted an evidentiary hearing and granted the motion to dismiss that same day. The state immediately filed a notice of appeal in the circuit court. On October 6, 2006, McFar-lane filed a motion for speedy trial discharge in the county court; however, the county court has not ruled on the motion for discharge due to the filing of the notice of appeal in the circuit court because it lacks jurisdiction to do so.
On February 9, 2007, McFarlane filed a motion to dismiss the state’s appeal in the circuit court on the grounds of mootness or, in the alternative, to relinquish jurisdiction to the county court to rule on petitioner’s pending motion for discharge. Thereafter, McFarlane filed a motion in the circuit court for final order. The circuit court, in its appellate capacity, denied McFarlane’s motion for final order.
We deny the writ of prohibition. See English v. McCrary, 348 So.2d 293, 296 (Fla.1977) (stating that “[prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction”). In the state’s response to this court’s rule to show cause, the state does not object to this court directing the circuit court to temporarily relinquish jurisdiction to the county court to rule on McFarlane’s pending motion for speedy trial discharge. Accordingly, we direct the circuit court, sitting in its appellate capacity, to temporarily relinquish jurisdiction for a determination of McFarlane’s motion for speedy trial discharge.

Petition Denied.

GUNTHER, HAZOURI and MAY, JJV concur.